Nicholas M. M. Drum, OSB #063167
Dayna J. Christian, OSB #973360
Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: nick.drum@immixlaw.com
E-Mail: dayna.christian@immixlaw.com

Attorneys for Plaintiff Billups, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BILLUPS INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBASSADOR TECHNOLOGIES, INC. dba BYPROXIE, a foreign corporation; HOMETOWN HEART, a foreign corporation; and EAZE TECHNOLOGIES INC., a foreign corporation,<br><br>Defendants. | Case No.: 3:20-CV-891<br><br>**COMPLAINT**<br>(Breach of Contract, Unjust Enrichment)<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff, Billups Inc. ("Plaintiff"), by and through undersigned counsel, and hereby alleges as follows:

## **PARTIES**

1.

Plaintiff is an Oregon corporation duly authorized to conduct business in Oregon. Plaintiff is an advertising company that specializes in the placement of certain Out of Home ("OOH") and other media advertising for both companies and advertising agencies.

/ / /

Page 1– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

2.

At all material times, Defendant Ambassador Technologies, Inc., doing business under the assumed business name ByProxie ("ByProxie") is and has been a foreign corporation, registered in Delaware and having its principal place of business in California. ByProxie is not registered with the Oregon Secretary of State to conduct business in Oregon. ByProxie is an advertising agency.

3.

At all material times, Defendant HomeTown Heart ("HTH") is and has been a foreign nonprofit benefit corporation, registered and headquartered in California. HTH specializes in cannabis delivery under the brand names "CaliChill" and "Chill." Defendant is not registered with the Oregon Secretary of State to conduct business in Oregon. On information and belief, HTH was acquired by Defendant Eaze Technologies, Inc., a Delaware corporation that operates in California ("Eaze").

4.

On information and belief, Eaze's acquisition of HTH included its assets and liabilities, including the liability for the media campaigns that are the subject of this Complaint. In the alternative, Eaze has subsequently used HTH's assets to continue the business of HTH and, as such, is liable for HTH's liabilities under the doctrine of successor liability.

**VENUE AND JURISDICTION**

5.

Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of a different state from all Defendants and because the value of the matter in controversy exceeds $75,000.00.

6.

Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the actions on which the claim is based occurred in the District of Oregon.

Page 2– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

**FACTS**

7.

In or around April 2019, on information and belief, HTH appointed ByProxie to act as its agent in arranging for and executing HTH's advertising campaign, wherein HTH's advertising content ("Content") for its brand "CaliChill" or "Chill" would be displayed on various OOH sites in California and on other media. On information and belief, ByProxie was duly authorized to sign contracts on behalf of HTH in furtherance of their advertising campaign.

8.

ByProxie, acting both for itself and as HTH's agent, entered into multiple agreements with Billups for the provision of advertising services in furtherance of their advertising campaign ("Media Authorization Agreements").

9.

Under the Media Authorization Agreements, Billups agreed to arrange for HTH's Content to be displayed at specific OOH sites or on various media, for a specific length of time and at a certain price.

10.

The Media Authorization Agreements state that Billups would invoice ByProxie on a monthly basis for the services rendered in the previous calendar month. The Media Authorization Agreements and the invoices together formed a contract between Billups on the one hand and ByProxie and HTH on the other hand.

11.

The Media Authorization Agreements state that, if ByProxie was acting as the agent of an advertising customer, such as HTH, then the underlying customer "shall guarantee" ByProxie's "payment of all charges, expenses and costs arising out of all contracts …." HTH authorized ByProxie to sign all Media Authorization Agreements as HTH's agent.

Page 3–    COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Telephone:  503-802-5533
Facsimile:  503-802-5351

12.

In signing the Media Authorization Agreements, HTH and ByProxie agreed that the prevailing party in any action initiated by Billups to collect upon any amount due thereunder "shall be entitled to collect its reasonable attorneys' fees, expert fees, cost, and disbursements."

13.

In signing the Media Authorization Agreements, HTH and ByProxie expressly consented to jurisdiction and venue in the State of Oregon.

**The First Contract**

14.

On April 23, 2019, ByProxie, acting as HTH's agent, signed the Billups Media Authorization form and Billups sent corresponding invoices attached herein and incorporated as Exhibit "A," known to Billups as MA 27685 (the "First Contract"). Under the First Contract, Billups agreed to provide certain advertising services, including producing, installing, and displaying the Content on certain media at various times between April 29, 2019 and June 9, 2019. In exchange, Defendants Byproxie and HTH agreed to pay Billups $197,652.00.

15.

Billups fully performed under the First Contract and invoiced ByProxie for the contract sum of $197,652.00.

16.

To date, Billups has received $36,607.14 for its performance of the Second Contract, leaving a deficiency of $161,044.86 that is due and owing.

**The Second Contract**

17.

On May 1, 2019, ByProxie, acting as HTH's agent, signed the Billups Media Authorization form and Billups sent corresponding invoices attached herein and incorporated

Page 4– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

as Exhibit "B," known to Billups as MA 27649 (the "Second Contract"). Under the Second Contract, Billups agreed to provide certain advertising services, including producing, installing, and displaying the Content on certain OOH sites at various times between April 29, 2019 and December 29, 2019. In exchange, Defendants ByProxie and HTH agreed to pay Billups $132,805.36.

18.

Billups fully performed under the Second Contract and invoiced ByProxie for the contract sum of $132,805.36.

19.

To date, Billups has received $13,392.86 for its performance of the Second Contract, leaving a deficiency of $119,412.50 that is presently due and owing.

**The Third Contract**

20.

On May 20, 2019, ByProxie, acting as HTH's agent, signed the Billups Media Authorization form and Billups sent corresponding invoices attached herein and incorporated as Exhibit "C," known to Billups as MA 27869 (the "Third Contract"). Under the Third Contract, Billups agreed to provide certain advertising services, including installing, producing, and displaying the Content on certain OOH sites and other media at various times between June 1, 2019 and July 21, 2019. In exchange, Defendants Byproxie and HTH agreed to pay Billups $226,802.33.

21.

Billups fully performed under the Third Contract and invoiced ByProxie for the contract sum of $226,802.33.

22.

To date, Billups has received $47,515.00 for its performance of the Third Contract, leaving a deficiency of $179,287.33 that is due and owing.

Page 5–    COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Telephone:  503-802-5533
Facsimile:  503-802-5351

**The Fourth Contract**

23.

On June 24, 2019 ByProxie, acting as HTH's agent, signed the Billups Media Authorization form dated June 19, 2019 and Billups sent corresponding invoices attached herein and incorporated as Exhibit "D," known to Billups as MA 28100 (the "Fourth Contract"). Under the Fourth Contract, Billups agreed to provide certain advertising services, including installing, producing, and displaying the Content on certain OOH sites and other media at various times between July 1, 2019 and August 4, 2019. In exchange, Defendants Byproxie and HTH agreed to pay Billups $219,725.00.

24.

Billups fully performed under the Fourth Contract and invoiced ByProxie for the contract sum of $219,725.00.

25.

To date, Billups has not received any portion of the $219,725.00 that is due and owing under the Fourth Contract.

**The Fifth Contract**

26.

On June 24, 2019 ByProxie, acting as HTH's agent, signed the Billups Media Authorization form dated June 19, 2019 and Billups sent corresponding invoices attached herein and incorporated as Exhibit "E," known to Billups as MA 28285 (the "Fifth Contract"). Under the Fifth Contract, Billups agreed to provide certain advertising services, including installing, producing, and displaying the Content on certain OOH sites and other media at various times between August 5, 2019 and September 1, 2019. In exchange, Defendants Byproxie and HTH agreed to pay Billups $246,267.00.

/ / /

/ / /

Page 6–    COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Telephone:  503-802-5533
Facsimile:  503-802-5351

27.

Billups fully performed under the Fifth Contract and invoiced ByProxie for the contract sum of $246,267.00.

28.

To date, Billups has not received any portion of the $246,267.00 that is due and owing under the Fifth Contract.

**The Sixth Contract**

29.

On September 5, 2019 ByProxie, acting as HTH's agent, signed the Billups Media Authorization form and Billups sent corresponding invoices attached herein and incorporated as Exhibit "F", known to Billups as MA 28681 (the "Sixth Contract"). Under the Sixth Contract, Billups agreed to provide certain advertising services, including installing, producing, and displaying the Content on certain OOH sites and other media at various times between September 2, 2019 and October 13, 2019. In exchange, Defendants Byproxie and HTH agreed to pay Billups $233,790.25.

30.

Billups fully performed under the Sixth Contract and invoiced ByProxie for the contract sum of $233,790.25.

31.

To date, Billups has not received any portion of the $233,790.25 that is due and owing on the Sixth Contract.

32.

Eaze, having acquired HTH in 2019, has assumed HTH's liabilities and, as such, is liable for HTH's contractual obligations to Billups.

/ / /

/ / /

Page 7–    COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

33.

In the alternative, Eaze's purchase of HTH's assets has resulted in either a consolidation or merger of HTH with Eaze, or a continuation of HTH's business. As such, Eaze is liable for HTH's debts under Oregon law.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

**(Count I – The First Contract)**

34.

Plaintiff hereby incorporates paragraphs 1 – 33 by reference.

35.

The First Contract constitutes a valid and enforceable contract.

36.

Billups fully performed its obligations under the First Contract.

37.

Under the First Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups $161,044.86, which remains due and payable per Billups' invoices for the same.

38.

ByProxie and HTH's failure to pay Billups the entire sum when due under the First Contract constitutes a breach.

39.

As a direct and proximate result of Defendants HTH and ByProxie breach of the First Contract, Billups has been damaged in an amount to be proven at trial but not less than $161,044.86, together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees.

///

Page 8– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

**(Count II – The Second Contract)**

40.

Plaintiff hereby incorporates paragraphs 1 – 39 by reference.

41.

The Second Contract constitutes a valid and enforceable contract.

42.

Billups fully performed its obligations under the Second Contract.

43.

Under the Second Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups $119,412.50 which remains due and payable per Billups' invoices for the same.

44.

ByProxie and HTH's failure to pay Billups the entire sum due under the Second Contract constitutes a breach.

45.

As a direct and proximate result of Defendants HTH and Byproxie's breach of the Second Contract, Billups has been damaged in an amount to be proven at trial but not less than $119,412.50, together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees.

**(Count III – The Third Contract)**

46.

Plaintiff hereby incorporates paragraphs 1 – 45 by reference.

47.

The Third Contract constitutes a valid and enforceable contract.

48.

Billups fully performed its obligations under the Third Contract.

Page 9–    COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Telephone:  503-802-5533
Facsimile:  503-802-5351

49.

Under the Third Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups $179,287.33 which remains due and payable per Billups' invoices for the same.

50.

ByProxie and HTH's failure to pay Billups the entire sum due under the Third Contract constitutes a breach.

51.

As a direct and proximate result of HTH and Byproxie's breach of the Third Contract, Billups has been damaged in an amount to be proven at trial but not less than $179,287.33 together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees.

**(Count IV – The Fourth Contract)**

52.

Plaintiff hereby incorporates paragraphs 1 – 51 by reference.

53.

The Fourth Contract constitutes a valid and enforceable contract.

54.

Billups fully performed its obligations under the Fourth Contract.

55.

Under the Fourth Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups the sum of $219,725.00, which was due and payable per Billups' invoices for the same.

56.

ByProxie and HTH's failure to pay Billups the entire sum due under the Fourth Contract constitutes breach.

Page 10–   COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Telephone:  503-802-5533
Facsimile:  503-802-5351

57.

As a direct and proximate result of HTH and Byproxie's breach of the Fourth Contract, Billups has been damaged in an amount to be proven at trial but not less than $219,725.00, together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees.

**(Count V – The Fifth Contract)**

58.

Plaintiff hereby incorporates paragraphs 1 – 57 by reference.

59.

The Fifth Contract constitutes a valid and enforceable contract.

60.

Billups fully performed its obligations under the Fifth Contract.

61.

Under the Fifth Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups the sum of $246,267.00 which was due and payable per Billups' invoices for the same.

62.

ByProxie and HTH's failure to pay Billups the entire sum due under the Fifth Contract constitutes a breach.

63.

As a direct and proximate result of HTH and Byproxie's breach, Billups has been damaged in an amount to be proven at trial but not less than $246,267.00, together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees.

**(Count IV – The Sixth Contract)**

64.

Plaintiff hereby incorporates paragraphs 1 – 63 by reference.

Page 11– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

65.

The Sixth Contract constitutes a valid and enforceable contract.

66.

Billups fully performed its obligations under the Sixth Contract.

67.

Under the Sixth Contract, ByProxie and HTH received the full benefit of Billups' performance and each are jointly and severally obligated to pay Billups the sum of $233,790.25 which was due and payable per Billups' invoices for the same.

68.

ByProxie and HTH's failure to pay Billups the entire sum due under the Sixth Contract constitutes a breach.

69.

As a direct and proximate result of HTH and Byproxie's breach, Billups has been damaged in an amount to be proven at trial but not less than $233,790.25, together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees

70.

Eaze, having assumed HTH's liabilities is liable to the same degree that HTH is liable under Plaintiff's First Claim for Relief. In the alternative, as a continuation of HTH's business, Eaze is jointly and severally liable with HTH under the doctrine of successor liability.

## SECOND CLAIM FOR RELIEF

**(Unjust Enrichment)**

71.

Plaintiff incorporates paragraphs 1 – 70 by reference.

/ / /

/ / /

/ / /

Page 12– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

72.

At ByProxie and HTH's request, Billups provided ByProxie and HTH with the benefit of certain OOH and other media services to further their advertising campaign, from approximately April 1, 2019 through December 29, 2019 ("Billups' Services").

73.

The value of Billups' Services provided to ByProxie and HTH is not less than $1,257,041.77. Of this sum, HTH and Byproxie have paid only $97,515, leaving $1,159,526.77 due and owing.

74.

ByProxie and HTH are aware that they have both received the full benefit of Billups' Services.

75.

It would be unjust to allow ByProxie and HTH to retain the benefit of Billups' Services without paying for the same.

76.

ByProxie and HTH must pay Plaintiff $1,159,526.77 together with pre- and post-judgment interest and Billups' filing fees, court costs, expert fees, and attorneys' fees

77.

On information and belief, Eaze acquired HTH's liabilities and assets in 2019, including the liabilities created by receiving the benefit of Billups Services. In the alternative, Eaze has continued HTH's business. In either event, Eaze has received the same benefit that HTH received from Billups Services and it would be unjust to allow Eaze to retain the same without paying for it. Eaze must pay Billups $1,159,526.77.

**REQUEST FOR RELIEF**

WHEREFORE, Billups requests the following relief:

1) On the First Claim for Relief for breach of contract, for judgment against ByProxie

Page 13– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

Eaze, and HTH, jointly and severally, and an award of damages in an amount to be proven at trial as to each Count as follows:

    a. Count I for the First Contract: not less than $161,044.86;

    b. Count II for the Second Contract: not less than $119,412.50;

    c. Count III for the Third Contract: not less than $179,287.33;

    d. Count IV for the Fourth Contract: not less than $219,725.00;

    e. Count V for the Fifth Contract: not less than $246,267.00;

    f. Count VI for the Sixth Contract: not less than $233,790.08;

2) On the First Claim for Relief for breach of contract, in the alternative, for a judgment against Eaze for $1,159,526.77 under the doctrine of successor liability

3) On the Second Claim for Relief for unjust enrichment as an alternate theory of recovery, for judgment against all Defendants, jointly and severally, and an award of damages in an amount to be proven at trial but not less than $1,159,526.77;

4) Pre- and post-judgment interest at the statutory rate;

5) An award of Billups' filing fees, court costs, expert fees, and attorneys' fees; and

6) Such other and further relief that the Court may deem just and proper.

DATED this 3rd day of June 2020.

IMMIX LAW GROUP PC

By: _____
Nicholas M. M. Drum OSB #063167
Dayna J. Christian OSB #973360
Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: nick.drum@immixlaw.com

Of Attorneys for Plaintiff

Page 14– COMPLAINT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351